**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUSLAN DYUESSEMALIYEV and OLGA POTEKHINA,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 06-72782<br><br>Agency Nos. A072-684-365;<br>A072-525-521<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 2, 2010
Pasadena, California

Before: WALLACE and GRABER, Circuit Judges, and MILLS, Senior District Judge.[**]

Ruslan Dyuessemaliyev, a native and citizen of Kazakhstan, and his wife

Olga Potekhina, a native and citizen of Russia, petition for review of the Board of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

Immigration Appeals' decision dismissing their appeal from an immigration judge's (IJ) decision denying their applications for asylum, withholding of removal, and Convention Against Torture (CAT) relief. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Rivera v. Mukasey*, 508 F.3d 1271, 1273 (9th Cir. 2007), and we deny the petition for review.

I

Regarding Dyuessemaliyev's claims of persecution in Kazakhstan, the record evidence would not compel a reasonable finder of fact to overturn the adverse credibility finding. Dyuessemaliyev's testimony was vague and internally inconsistent, especially regarding the dates when the alleged abuses occurred. These inconsistencies are material and go to the heart of the claim. *See Don v. Gonzales,* 476 F.3d 738, 741 (9th Cir. 2007).

Dyuessemaliyev's corroboratory evidence was minimal, consisting of only two medical documents related to treatment for injuries allegedly suffered at the hands of the Kazakh secret police (KNB). The IJ found that one of these documents was not credible, because it was handwritten on a plain piece of paper and bore an illegible stamp.

Dyuessemaliyev failed to corroborate his membership in the Republican Popular Party of Kazakhstan (RPPK). We acknowledge that it would have been

2

difficult for Dyuessemaliyev to provide some of the documents that the IJ noted were not in evidence, such as the posters and fliers that were allegedly confiscated by the police. *See Guo v. Ashcroft*, 361 F.3d 1194, 1201 (9th Cir. 2004). However, Dyuessemaliyev should have been able to produce some kind of corroboration of party membership. Dyuessemaliyev's failure to produce any evidence of party membership undermines his claim, because the IJ already had reason to question his credibility. *See Sidhu v. INS*, 220 F.3d 1085, 1091-92 (9th Cir. 2000).

Finally, substantial evidence supports the adverse credibility determination because the IJ found that Dyuessemaliyev could only give a vague description of the RPPK, and he was only able to describe the party's goals in very general terms. *See Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004) (approving an adverse credibility finding based in part on an expectation that a person who claims active participation in a group has a deeper understanding of that group's beliefs).

II

Substantial evidence supports the IJ's adverse credibility determination regarding Dyuessemaliyev's claim of persecution in Russia, because he could not provide specific dates for, or details of, his travel between Russia and Kazakhstan. Moreover, Dyuessemaliyev could not corroborate his alleged deportation from

3

Russia, his status as a university student in St. Petersburg, or that he had been contacted by the Russian Federal Security Service (FSB).  Persons who are "deemed unbelievable as to one material fact may be disbelieved in all other respects."  *Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1059 (9th Cir. 2005).

## III

Absent credible testimony, the Petitioners' asylum, withholding of removal, and CAT claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**

Dyuessemaliyev v. Holder, No. 06-72782

GRABER, Circuit Judge, dissenting:

I respectfully dissent.

Minor discrepancies in dates—the main reason for the BIA's adverse credibility finding—are not an adequate reason to disbelieve a petitioner. Wang v. Ashcroft, 341 F.3d 1015, 1021–22 (9th Cir. 2003). If Petitioner left Russia even a day or two before the month of May began, rather than on May 1, then the dates to which he testified fit together.

In addition, in my view it would be unreasonable to expect Petitioner to obtain corroboration of his political activities and membership in the RPPK. Indeed, the majority fails to suggest what kind of documentation would be reasonably available to him.

When those factors are removed from the equation, the adverse credibility finding is not supported by substantial evidence.